## A96A1577. CROWDER v. THE STATE.

(474 SE2d 246)

McMurray, Presiding Judge.

Defendant was charged in an indictment with one count of making "False Statements," by aiding and abetting a conspiracy to report a staged automobile accident, and further charged with five separate counts of "Insurance Fraud" for aiding and abetting each of his co-conspirators' false statements made for the purpose of procuring payment by an insurance company of a fraudulent claim. The evidence at his jury trial revealed the following: On December 1, 1993, James Marvin Manning, then a Lieutenant with the Jackson Police Department, investigated a reported traffic accident at the intersection of Sherril Avenue and Stark Road in Butts County, Georgia. There, "[t]he driver of vehicle one was determined to be [co-conspirator] Carolyn Anita Head. The driver of vehicle two was Alfonsa McMichael." "[A]ll the subjects that were involved . . ., with the exception of the driver of vehicle one complained of injuries, either neck injuries or back injuries. An ambulance was called to the scene. The following subjects were carried to the hospital: Amie Woodard, Angela Stewart, and Ladierdres [O'Neal]. . . ." These people contended that they were hurt so bad that they had to be carried from the scene in an ambulance. The driver of vehicle number two, Mr. Alfonsa McMichael, and his passenger, Sanatonio Stodghill, also complained of injuries but "refused to go by the ambulance," stating to Lt. Manning that they would seek treatment on their own. Lieutenant Manning "didn't see any injuries that were visual. Just complaints of injuries." His inspection of the damage to vehicle two revealed "rust indicating another prior accident. . . ." Carolyn Anita Head was defendant's girl friend. She confirmed that the accident she reported "was [not] a real wreck[.]" She also confirmed that defendant "told [her] how to go out and have a wreck[.]" "After [Carolyn Anita Head and her co-conspirators] found out how to do a wreck, we all found out how to get money, how to say about what hurts and to tell the doctor what hurts." At defendant's suggestion, Carolyn Anita Head agreed to go to a certain intersection, intending to bump into another car. Thereafter, defendant "told [her] about a lawyer [she] could go to." Angela Stewart was a passenger in Carolyn Anita Head's car when the accident was reported. She also confirmed "that traffic accident was [not] a real wreck[.]" Defendant told Angela Stewart "to play like [her] neck was hurt." The chiropractor defendant recommended to his co-conspirators has his office "right next door . . ." to the lawyer defendant recommended. Alfonsa McMichael testified that it was defendant's idea to have the fake accident to obtain money. Alfonsa McMichael confirmed that defendant promised him "some money [($75.00)] for using [his] car in this [staged] wreck[.]" Amie Woodard corrobo-

rated the testimony implicating defendant, and further testified that defendant called in the accident report from a pay telephone. She pretended to have injured her neck in the accident. Claims were made on Atlanta Casualty Company by the chiropractor on behalf of Carolyn Anita Head, Angela Stewart, Alfonsa McMichael, Amie Woodard, Sanatonio Stodghill, and Ladeirdres O'Neal.

Although defendant testified on his own behalf, denying any complicity in a scheme to defraud the insurance company, the jury found him guilty as charged as to each of the six counts. This direct appeal followed. *Held*:

1. Defendant first enumerates the general grounds. In our view, the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), to authorize the jury's verdicts that defendant is guilty, beyond a reasonable doubt, as a party to the several crimes of insurance fraud (Counts 2 through 6) as prohibited by OCGA § 33-1-9 (a) (1). See *Dover v. State*, 192 Ga. App. 429, 432 (2) (385 SE2d 417). The evidence is further sufficient to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, as a party to the crime of making false statements (Count 1) in violation of OCGA § 16-10-20, as alleged in the indictment.

2. Defendant's second enumeration contends the trial court erred in overruling his objection to the State's Attorney leading the witness Angela Stewart.

Ms. Stewart had pleaded guilty to two counts of insurance fraud and was to testify truthfully at defendant's trial when called upon to do so by the District Attorney's office. At trial, however, she was vague and uncooperative. When the State's Attorney "remind[ed] [her] again . . ." of an interview she gave the previous Monday, defendant interposed his objection to leading the witness. The trial court observed: "I believe [the State's Attorney] identified the conversation was Monday." Thereafter, defendant invoked no further ruling and interposed no further objection.

"Leading questions generally are allowed only on cross-examination. OCGA § 24-9-63. However, the trial court has the discretion to allow leading questions on direct examination, where, for example, the witness is nervous, or ignorant, or hostile." *Fugate v. State*, 263 Ga. 260, 265 (10) (431 SE2d 104). "Where[, as in the case sub judice,] a witness introduced by the [S]tate showed that [s]he was an unwilling witness, and seemed contumacious and equivocal, there was no error in allowing the [State's Attorney] to lead [the witness]." *Durham v. State*, 70 Ga. 264, 265 (hn. 11).

3. Defendant's third enumeration of error contends the trial court impermissibly expressed an opinion on the credibility of the witness Sanatonio Stodghill by warning the witness of his rights, after the State's Attorney began to lay a foundation for charging the

witness with perjury. Defendant raised no contemporaneous objection or motion for mistrial. Consequently, this ground for objection was not preserved for appellate review. *Cornelius v. State*, 213 Ga. App. 766, 770 (3) (445 SE2d 800).

4. The trial court did not err in sentencing defendant to separate terms for each of the violations of OCGA § 33-1-9 (a) (1) committed by his several co-conspirators. Each fraudulent claim made is a separate offense and does not merge as a matter of fact under the provisions of OCGA § 16-1-7. The fourth enumeration is without merit.

*Judgment affirmed. Johnson, J., concurs. Ruffin, J., concurs in the judgment only.*

DECIDED JULY 22, 1996.

*Sharon J. S. Whitwell*, for appellant.

*Tommy K. Floyd, District Attorney, Mark S. Daniel, Assistant District Attorney*, for appellee.